NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30234 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00126-SAB |
| v. | |
| GLORIA L. TUCKER, a.k.a. Heather Bahr, a.k.a. Gloria L. Dillon, a.k.a. Gloria Lorraine Dillon, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Gloria L. Tucker appeals from the district court's judgment and challenges

the 82-month sentence imposed following her guilty-plea conviction for possession

with intent to distribute and distribution of actual methamphetamine, in violation

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(viii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tucker contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors, particularly the need to avoid unwarranted sentencing disparities, and by limiting the time for her attorney's presentation at the sentencing hearing. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Contrary to Tucker's suggestion, the district court was not required to mention each of the 18 U.S.C. § 3553(a) factors to show that it had considered them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). The record reflects that the district court adequately considered Tucker's arguments and the section 3553(a) sentencing factors. *See id.* at 991. Moreover, Tucker has not shown a reasonable probability that she would have received a different sentence had her attorney been given more time to present at the sentencing hearing. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**